# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

ROSEMARY JIMENEZ and
SAYANY LIZARDO,
Plaintiffs.

   -against-

THE CITY OF NEW YORK, a municipal entity
THE NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE DEVIN J. BAKER (Shield#1595),
DETECTIVE MIGUEL VANBRAKLE (Shield# 28743)
DETECTIVE ANTHONY CRESCIMANNO (Shield#2494)
LIEUTENANT RAMIRO RUIZ (Tax ID# 939384),
SERGEANT NICHOLAS BEKAS (Shield#3037),
P.O. RAFAEL MUSAYEV (Shield#3938), and
P.O. DEAN M. GARCIA (Shield#5128),

Defendants.

Case No.:

**<u>SUMMONS</u>**

JURY TRIAL REQUESTED

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 60 days if you are the United States or a United States agency described in Fed. R. Civ. P. 12(a)(2) or (3). The answer or motion must be served on plaintiff or plaintiff's attorney, whose name and address are: Joshua Dayan, 80-02 Kew Gardens Road, Suite 902, Kew Gardens, NY 11415.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

1

Dated: July 11, 2024
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
Attorney for Plaintiffs
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawllp.com

2

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
ONE CENTRE STREET
ROOM 1200
NEW YORK, NY 10007-2341

CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NEW YORK CITY POLICE DEPARTMENT
ONE POLICE PLAZA
NEW YORK, NY 10038

DETECTIVE DEVIN BAKER (Shield#1595)
NEW YORK CITY POLICE DEPARTMENT
105th NYPD PRECINCT
92-08 222ND ST
QUEENS, NY 11428

DETECTIVE MIGUEL VANBRAKLE (Shield#28743)
ONE POLICE PLAZA
NEW YORK, NY 10038

DETECTIVE ANTHONY CRESCIMANNO (Shield#2494)
ONE POLICE PLAZA
NEW YORK, NY 10038

LIRUTENANT RAMIRO RUIZ (Tax ID#939384)
ONE POLICE PLAZA
NEW YORK, NY 10038

SERGEANT NICHOLAS BEKAS (Shield#3037)
ONE POLICE PLAZE
NEW YORK, NY 10038

P.O. RAFAEL MUSAYEV (Shield#3938)
ONE POLICE PLAZA
NEW YORK, NY 10038

P.O. DEAN M. GARCIA (Shield#5128)
ON POLICE PLAZA
NEW YORK, NY 10038

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

ROSEMARY JIMENEZ and
SAYANY LIZARDO,

                Plaintiffs.

  -against-

THE CITY OF NEW YORK, a municipal entity
THE NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE DEVIN J. BAKER (Shield#1595),
DETECTIVE MIGUEL VANBRAKLE (Shield# 28743),
DETECTIVE ANTHONY CRESCIMANNO (Shield#2494)
LIEUTENANT RAMIRO RUIZ (Tax ID# 939384),
SERGEANT NICHOLAS BEKAS (Shield#3037),
P.O. RAFAEL MUSAYEV (Shield#3938), and
P.O. DEAN M. GARCIA (Shield#5128),

                Defendants.

Case No.:

**VERIFIED COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **ROSEMARY JIMENEZ** and **SAYANY LIZARDO** (Hereinafter collectively, "Plaintiffs"), by and through their attorney, **JOSHUA DAYAN, ESQ.**, of **DAYAN LAW LLP.**, file this Verified Complaint as against the above-named defendants (hereinafter collectively, "Defendants"), alleging as follows:

### PRELIMINARY STATEMENT

1. This action is brought by Plaintiffs for a judgment of compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C.§1983 and 42 U.S.C.§1988 as against the Defendants "THE CITY OF NEW YORK" (Hereinafter "the City"), "THE NEW YORK CITY POLICE DEPARTMENT," (Hereinafter "NYPD"), "DETECTIVE DEVIN BAKER (Shield#1595)" (Hereinafter "Detective Baker"), POLICE OFFICER MIGUEL VANBRAKLE (Shield#28743), DETECTIVE ANTHONY CRESCIMANNO (Shield#2494), LIEUTENANT RAMIRO RUIZ (Tax ID# 939384), SEARGANT

NICHOLAS BEKAS (Shield#3037), POLICE OFFICER RAFAEL MUSAYEV (Shield#3938), and POLICE OFFICER DEAN M. GARCIA (Shield#5128), for violations of Plaintiffs' civil rights, as said rights are secured by said statutes and the Constitutions of both the State of New York and the United States of America.

2. In the early morning of September 22, 2023, at approximately 6:12 AM, Plaintiffs were resting in their home in Queens, New York, sleeping and relaxing when NYPD police officers, including but not limited to the named defendant police officers, busted through Plaintiffs' front door executing a "Search Warrant."

3. Plaintiffs were suddenly and shockingly awoken in a barrage of frightening noise, as NYPD police officers, including but not limited to the named Defendant NYPD police officers, busted through their front door without first knocking to announce their presence, rushed into Plaintiffs' faces in their respective bedrooms while Plaintiffs lay in bed naked, violently waking them up, pointing firearms at their faces and yelling at them to "put your hands up."

4. From what appeared to Plaintiffs as a scene right out of a horror movie, Plaintiffs were handcuffed and placed under arrest while the defendant NYPD police officers tore apart their neat home, mocking Plaintiffs for their undressed appearances in their home and clothing, calling them "strippers."

5. Ultimately, and after hours of searching Plaintiffs' residence and traumatizing Plaintiffs, the NYPD police officers found no contraband of any kind in connection with Plaintiffs, but proceeded to keep Plaintiffs under arrest, transported them (in handcuffs) to the NYPD 105th police precinct and initiated frivolous criminal charges against them, all of

which were completely thrown away and dismissed by the Queens District Attorney's Office. (Please see **Exhibit "A,"** Letter of Dismissal from District Attorney).

6. Indeed, Plaintiffs, two innocent women sat in a jailcell for approximately 24 hours, filled with uncertainty of their futures, willed with fear and intimidation and embarrassment, even though the NYPD police officers that searched Plaintiffs' home and arrested them pursuant to that search warrant found no contraband connected with Plaintiffs and had no probable cause to proceed to arrest and/or initiate criminal charges against them.

7. Furthermore, Detective Baker knowingly and intentionally, and/or with a reckless disregard to the truth, misrepresented facts and framed them as relevant to Plaintiffs when they were in fact not relevant to Plaintiffs' apartment at all in order for him and the NYPD to obtain their Search Warrant for Plaintiffs' apartment.

8. As will be illustrated in this Verified Complaint, Detective Baker suspected Plaintiffs' neighbors of criminal activity—who lived in another apartment unit (Apartment "B") but in the same building as Plaintiffs (Plaintiffs lived in Apartment "A")—and obtained what appears to be a valid search warrant for that Apartment "B." Operating on nothing more than what appears to be a "hunch," Detective Baker sought a search warrant for Plaintiffs' apartment, which was completely irrelevant to Apartment "B," and after finding nothing in Plaintiffs' apartment and clearly being wrong about his baseless hunch, Detective Baker and the other defendant NYPD officers present at the scene including but not limited to Sergeant Nicholas Bekas proceeded to initiate frivolous "cover charges" against Plaintiffs for baseless and unconstitutional reasons.

9. Plaintiffs have been emotionally traumatized from this incident, as any innocent person would be, have suffered the violations of their civil rights and are entitled to judgment as

against the Defendants, including an award of punitive damages for the intentional and/or reckless conduct and/or malicious, and/or constitutionally violative conduct of Defendants.

## THE PARTIES

10. Plaintiff Rosemary Jimenez is an individual, currently residing in the State of New York, County of Queens, at the address of 67-21 185th Street, Fresh Meadows, NY 11365. Apartment "A."

11. Plaintiff Sayany Lizardo is an individual, currently residing in the State of New York, County of Queens, at the address of 67-21 185th Street, Fresh Meadows, NY 11365. Apartment "A."

12. Defendant the City was and still is a municipal corporation, duly organized and existing under and by virtue of the law of the State of New York.

13. Defendant the NYPD was and still is a municipal corporation and/or municipal police department, duly organized and existing under and by virtue of the law of the State of New York.

14. Detective Baker is a detective employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#1595. At all times mentioned in this Verified Complaint, Defendant Baker was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

15. DETECTIVE MIGUEL VANBRAKLE (Shield# 28743) is a detective employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#28743. At all times

7

mentioned in this Verified Complaint, Defendant DETECTIVE MIGUEL VANBRAKLE (Shield# 28743) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

16. DETECTIVE ANTHONY CRESCIMANNO (Shield#2494) is a detective employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#2494. At all times mentioned in this Verified Complaint, Defendant DETECTIVE ANTHONY CRESCIMANNO (Shield#2494) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

17. LIEUTENANT RAMIRO RUIZ (Tax ID#939384) is a lieutenant employed by the City and NYPD at the 105th NYPD Precinct, with a Tax ID# 939384. At all times mentioned in this Verified Complaint, Defendant LIEUTENANT RAMIRO RUIZ (Tax ID#939384) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

18. SERGEANT NICHOLAS BEKAS (Shield#3037) is a sergeant employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#3037. At all times mentioned in this Verified Complaint, Defendant SERGEANT NICHOLAS BEKAS (Shield#3037) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for,

upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

19. P.O. RAFAEL MUSAYEV (Shield#3938) is a police officer employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#3938. At all times mentioned in this Verified Complaint, Defendant P.O. RAFAEL MUSAYEV (Shield#3938) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

20. P.O. DEAN M. GARCIA (Shield#5128) is a police officer employed by the City and NYPD at the 105th NYPD Precinct, with a Shield#5128. At all times mentioned in this Verified Complaint, Defendant P.O. DEAN M. GARCIA (Shield#5128) was an agent, servant, and/or employee of Defendants the City and NYPD; and was acting for, upon, and in course of and in furtherance of the business of his employers the City and NYPD, and within the scope of his employment for Defendants City and NYPD.

21. At all times hereinafter mentioned, Defendants City and NYPD employed police officers, detectives, sergeants, and lieutenants including but not limited to Detective Baker and others that were involved in Plaintiff's wrongful arrest and malicious prosecution.

22. At all times hereinafter mentioned, Defendants City and NYPD owned, maintained, supervised, managed, operated, inspected, and controlled the various police, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in this Verified Complaint.

23. At all times hereinafter mentioned, all of the actions of the police officers and detectives alleged herein, including but not limited to Detective Baker were done within the scope

and course and in furtherance of their employment with Defendants City and NYPD and under color of the state law.

## JURISDICTION AND VENUE

24. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

25. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

26. Venue as to each defendant is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or a substantial part of property that is subject of the action is situated in this district, and/or because the plaintiffs reside in this District, and/or because a defendant resides in this district and is subject to personal jurisdiction at the time this action is commenced, and/or pursuant to 28 U.S.C. § 1401(a)(1) because plaintiff resides in this district, as set forth hereinafter.

## JURY DEMAND

27. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## SPECIFIC ACTS GIVING RISE TO THIS ACTION
## AND FACTS COMMON TO ALL CLAIMS

28. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

29. Prior to the commencement of this action, and within ninety (90) days after the happening of the incident herein, Plaintiffs served a Notice of Claim in writing upon the Defendant the City.

30. A 50-h hearing was held for both Plaintiffs.

31. This action is commenced within one (1) year and ninety (90) days of the date when the incident occurred to the Plaintiffs.

32. In the early morning of September 22, 2023, at approximately 6:12 AM, Plaintiffs were resting in their home in Queens, New York, sleeping and relaxing when NYPD police officers busted through Plaintiffs' front door executing a "Search Warrant."

33. Plaintiffs were violently awoken in a barrage of frightening noise, as NYPD police officers busted through their front door without first knocking to announce their presence, rushed into Plaintiffs' faces in their respective rooms, while Plaintiffs lay in bed naked, violently waking them up, pointing firearms at their faces and yelling at them to "put your hands up."

34. From what appeared to Plaintiffs as a scene right out of a horror movie, Plaintiffs were handcuffed and placed under arrest while the defendant NYPD police officers including but not limited to Detective Baker tore apart their neat home, while mocking Plaintiffs for their undressed appearances in their home and clothing, calling them "strippers."

35. Ultimately, and after hours of searching Plaintiffs' residence and traumatizing Plaintiffs, the defendant NYPD police officers, detectives, sergeants, and lieutenants at the scene,

including but not limited to Detective Baker <u>found no contraband</u> of any kind in connection with Plaintiffs, but proceeded to keep Plaintiffs under arrest, transported them (in handcuffs) to the NYPD 105th police precinct and initiated <u>frivolous</u> criminal charges against them, all of which were completely thrown away by the Queens District Attorney's Office. (Please see **Exhibit A**, Letter from District Attorney Declining to Prosecute).

36. Indeed, according to NYPD arrest records, "$22,723" were seized from Plaintiffs' apartment, and according to the NYPD officers "the currency recovered were proceeds of narcotics trafficking and held for forfeiture."

37. There is and was absolutely no reasonable nor factual basis for the defendant NYPD officers to assume that Plaintiffs' money in their home has or had anything to do with "narcotics" or any illegal activity.  Nonetheless, the NYPD and Detective Baker frivolously charged Plaintiffs with drug related "money laundering" charges in an effort to cover their mistakes.

38. On or about September 20, 2023, Detective Baker filed in Criminal Court, City of New York in the County of Queens, an application for a Search Warrant of the premises located at 67-21 185th Street, Apartment "B" (Hereinafter referred to as "Apartment B Warrant Affidavit"), an apartment in the same building and next door to Plaintiffs' apartment. (Please see **Exhibit B**, Search Warrant Affidavit for 67-21 185th Street, Apartment B).

39. This Apartment "B" had absolutely nothing to do with Plaintiffs other than being the apartment next door in the same residential building.

40. In Detective Baker's Apartment "B" Warrant Affidavit, Detective Baker outlined facts that purportedly presented reasonable cause for the NYPD to obtain a search warrant to search the premises of 67-21 185th Street, Apartment "B," providing information from a "reliable" confidential informant that identified firearms and other contraband within Apartment "B."

41. Indeed, according to the search warrant affidavit for Apartment "B," Detective Baker was informed by the confidential informant ("CI") that the CI has known "Luis Nunez" for approximately 4 years and that the CI has identified items in relation to Apartment "B" to be "firearms." Upon information and belief, Luis Nunez was a tenant in 67-21 185th Street, Apartment "B."

42. Two days after seeking the search warrant for 67-21 185th Street, Apartment "B" on September 20, 2023, Detective Baker strangely and curiously filed a new affidavit for a new search warrant on September 22, 2023, this time for 67-21 185th Street, Apartment "A" (Hereinafter referred to as the "Apartment A Warrant Affidavit"), Plaintiffs' apartment, which has absolutely nothing to do with any "Luis Nunez," any firearms, any contraband of any kind, etc... (Please see **Exhibit C**, Search Warrant Affidavit for 67-21 185th Street, Apartment "A").

43. Nonetheless, Detective Baker knowingly and intentionally, and/or with a reckless disregard to the truth made false statements in his Apartment "A" Search Warrant Affidavit, providing irrelevant facts and recklessly framing them as relevant to raising Reasonable Cause or Probable Cause to obtain the search warrant for Plaintiffs' apartment, 67-21 185th Street, Apartment "A."

44. Indeed, Detective Baker's misrepresentations and framing of completely irrelevant facts as relevant in his Search Warrant Affidavit for Apartment "A" were necessary to the finding of probable cause to obtain said warrant.

45. Indeed, just as in his Search Warrant Affidavit for Apartment "B," Detective Baker attests in his Apartment "A" Affidavit that "I am informed by the CI that the CI knows a male, Luis Nunez (DOB 11/29/1988; NYSID: 15864473P) (hereinafter referred to as the "subject"). I am further informed by the CI that the CI has known the subject for approximately .... I am further informed by the CI that the CI knows the subject to live in 67-21 185th Street, Apartment B, County of Queens, State of New York (hereinafter referred to as Apartment B), which is contained within the same structure as the Subject Location. I am further informed by the CI that the front door to Apartment B is directly next to the front door to the Subject Location [referring to Apartment A] …I am further informed by the CI that the CI has observed the subject [referring to Luis Nunez] to be in possession of the above-mentioned firearm on several occasions."

46. The Search Warrant Affidavit for Apartment "A" then continues to provide qualifications for the CI's basis of knowledge, stating that the CI has "personally observed" firearms and narcotics in the past and knows them to be contraband.

47. Detective Baker continues in his Search Warrant Affidavit for Apartment "A," attesting that he has "conducted a search of the subject in DASLite, Domain Awareness System (DAS), a New York City Police Department Database, and that said record was made in the regular course of said business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event; or within a reasonable

14

time thereafter and that said records show that no one at the Subject Location [referring to Apartment A] is licensed to possess firearms."

48. Detective Baker continues in his Search Warrant Affidavit to acknowledge that according to his records, the subject of his investigation (referring to Luis Nunez) has an address of 67-21 185th Street in Apartment B, and not Apartment A.

49. Throughout the entirety of both the Search Warrant Affidavits seeking entry into Apartment "A" and Apartment "B," Detective Baker only provided information which appeared relevant as to criminality in Apartment "B," yet Detective Baker intentionally and/or recklessly framed his arguments in his Affidavits in support as though they were relevant to both apartments, creating a facade of the completion of due-diligence, misleading the issuing Court into signing and granting the Search Warrant for Apartment "A."

50. Indeed, the simple fact that Plaintiffs' apartment is within the same building and the next-door apartment to Detective Baker's suspects (apparently located in Apartment "B"), is something that any detective with the years of experience that Detective Baker has would know is not enough to reasonably rise to a level of enough probable cause or reasonable suspicion to merit a search warrant for Plaintiffs' apartment. Nonetheless, throughout his affidavit, Detective Baker attested that he completed due diligence and "based upon the foregoing reliable information and upon my personal knowledge, there is reasonable cause to believe that the Designated Property and/or Evidence is being unlawfully possessed...at the subject location."

51. It is suspicious that Detective Baker had nothing more than a "hunch" regarding Apartment "A" because Detective Baker only sought a search warrant for Plaintiffs'

Apartment "A" two days after having already sought out a search warrant for Apartment "B." In fact, as illustrated in both search warrant affidavits, Detective Baker provided no new information in the Apartment "A" affidavit, but tried to and successfully did craft a false image that "Luis Nunez" was somehow connected to Apartment "A" and that "firearms" were somehow connected to Apartment "A." Indeed, a "hunch" is not reasonable suspicion nor probable cause.

52. Moreover, even after obtaining the search warrant for Apartment "A," and searching thoroughly through Plaintiffs' home, Detective Baker and the other NYPD officers found no contraband within Plaintiffs' apartment, but proceeded to arrest them anyway, frivolously charging them with crimes, seizing many of their personal belongings such as jewelry and personal money that have not been fully returned to this day after multiple requests by Plaintiffs.

53. The NYPD searched Plaintiffs' apartment "A" and Apartment "B" on the same night, September 22, 2023.

54. Upon information and belief, contraband including firearms and/or drugs were found in Apartment "B" pursuant to the search warrant for Apartment "B," but that is entirely irrelevant to Plaintiffs as they live in a different apartment, are not associated with Apartment "B" in any way other than being situated in the same building, and are completely independent of the other units in their residential building.

55. There was no contraband, or any evidence of criminal activity found in Plaintiffs' Apartment "A."

56. The suspects in Apartment B are known as "Anthony Ayala" and "Gunay Yakup," (hereinafter referred to collectively as the "Apartment "B" suspects").

57. Indeed, upon information and belief, after Plaintiffs' arrest on the night of issue and after the Apartment "B" suspects were arrested, the NYPD officers involved, including but not limited to Detective Baker interrogated the Apartment "B" suspects and conducted what are known as "debriefing videos" of those interrogations, but there are no records of any "debriefing videos" made of Plaintiffs, illustrating that after the search of Plaintiffs' home, the NYPD had no reason and in fact did not truly believe that Plaintiffs were involved in the Apartment "B" suspects' criminal activity and that there was no need to interrogate and/or arrest Plaintiffs to begin with because Plaintiffs had no information to give.

58. Nonetheless, the defendant police officers, detectives, sergeants, and lieutenants chose to frivolously, maliciously, and wrongfully, without a shred of evidence against Plaintiffs, arrest Plaintiffs and initiate criminal charges against them for no reason.

59. NYPD Body-Camera footage from the NYPD officers present at the scene illustrate the defendant police officers, detectives, lieutenants, and sergeants discussing Plaintiffs while at the scene.

60. Indeed, in said body-camera footage, Detective Baker states that "The fact that the girls (referring to Plaintiffs) were calm…like they know…" Here, Detective Baker is referring to the contraband found in Apartment "B," and illustrates the detective's complete guesswork, conjecture, and completely unprofessional attitude towards Plaintiffs…

61. "Like…they…know…" is not reasonable suspicion.

62. "Like…they…know…" is not probable cause for arrest and/or the initiation of criminal charges.

63. Detective Baker, after finding no contraband in Plaintiffs' apartment "A" is heard in the body-camera footage stating multiple times "it's gotta be here…" illustrating his frustration that his baseless 'hunch' as to Plaintiffs was evidently wrong.

64. Indeed, after finding no contraband in Plaintiffs' apartment "A," Detective Baker asks Sergeant Nicholas Bekas "what do you want to do with these girls now…?"

65. Sergeant Bekas responds: "Money Laundering," to which Detective Baker agrees that "They're involved somehow…," to which Lieutenant Ramiro Ruiz agrees that "They're the only Spanish people on this block…they know each other…"

66. Back at the police precinct, where the innocent Plaintiffs and the "Apartment 'B' Suspects" were transported, the NYPD did not see it necessary to even interrogate Plaintiffs because Plaintiffs had no information as to criminality, but did interrogate the Apartment 'B' Suspects, illustrating that the NYPD knew that Plaintiffs were not involved in the crime and at the very least did not have any information worth gathering though an interrogation.

67. Body camera footage of the incidents alleged in this Complaint illustrate that the NYPD operated on nothing more than unprofessional guesswork and conjecture towards Plaintiffs, and baseless racist conclusions that "They're the only Spanish people [referring to the Plaintiffs and the Apartment 'B' Suspects] on this block…" and therefore… "They know each other…"

68. Sergeant Bekas, Detective Baker, and Lieutenant Ruiz stating that "They know each other" is not reasonable suspicion and/or probable cause for arrest and the initiation of criminal charges against Plaintiffs.

69. It is clear in this case that defendants had no probable cause to arrest Plaintiffs and no reason and/or probable cause to initiate criminal charges against Plaintiffs in this case. Nonetheless, Defendants made the reckless, and/or malicious, and/or conscious, and/or intentional decision to proceed to arrest and initiate criminal charges against Plaintiffs when they knew that there was no probable cause to do so.

70. Defendants Detective Baker, Detective Vanbrakle, Detective Crescimanno, Lieutenant Ruiz, Sergeant Bekas, P.O. Musayev, and P.O. Garcia were all present at the scene of Plaintiffs' home as they were arrested, searched, called "strippers," and frivolously charged with criminal charges.

71. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, emotional distress, the destruction of parts of their home, missing personal property, embarrassment, humiliation, and deprivation of their Constitutional rights.

72. As a result of Defendants' constitutionally violative conduct, Plaintiffs respectfully demand a judgment against Defendants in a sum of money to be determined at trial, with attorney's fees and punitive damages as against defendants for the egregious conduct herein.

**FIRST CAUSE OF ACTION:**
**DEPREIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

73. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74. All of the aforementioned acts of the Defendants City, NYPD, Detective Baker and the other police officers, sergeants, lieutenants, and detectives, their agents, servants and employees, were carried out under the color of state law.

75. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and/or detectives, with all of the actual and/or apparent authority attendant thereto.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, detectives, lieutenants, and sergeants, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers, including but not limited to Sergeant Nicholas Bekas (Badge#3037) and Lieutenant Ramiro Ruiz (Tax ID# 939384) of said department.

78. As a result of the foregoing, Plaintiffs were put in fear for their freedom, safety, sexually harassed, defamed, embarrassed, and caused to suffer humiliation, anxiety, lost wages, and emotional pain.

79. As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer the violations of their civil rights, suffered the unreasonable and unconstitutional search and seizure, lost wages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, expenses, etc...

80. As a result of Defendants' impermissible and Constitutionally violative conduct, Plaintiffs demand judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## SECOND CAUSE OF ACTION:
## FALSE ARREST UNDER 42 U.S.C. §1983

81. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. As a result of the aforesaid conduct by Defendants, Plaintiffs were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined against their will without necessary probable cause, privilege, or consent.

83. As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

84. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## THIRD CAUSE OF ACTION:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

85. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

86. NYPD officers of the NYPD 105th Precinct, including but not limited to Defendant Detective Baker and Defendant Sergeant Nicholas Bekas initiated frivolous criminal charges against the Plaintiffs without Probable Cause, that those criminal charges were ultimately dismissed in a favorable outcome for Plaintiffs, that Defendant police officers

acted without necessary probable cause and acted with malice towards Plaintiffs. (Please see **Exhibit "A,"** Letter of Dismissal from District Attorney).

87. That as a result of the foregoing, Plaintiffs have suffered the violation of their constitutional rights and other damages and are entitled to relief, compensation, and an award of punitive damages.

**FOURTH CAUSE OF ACTION:**
**DEFAMATION UNDER NEW YORK STATE LAW**

88. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

89. While Defendants, including but not limited to Detective Baker were conducting their search warrant of Plaintiffs' apartment, an NYPD police officer and/or sergeant and/or lieutenant and/or detective present at the scene called out to the other officers that "they must be strippers," referring to Plaintiffs.

90. This statement regarding Plaintiffs was false and made with actual malice and/or recklessness, and/or negligence, inappropriately calling into question Plaintiffs' sexual behaviors, constituting defamation per se.

91. Said statement was inappropriate, sexually harassing, egregious in the particular setting, as Plaintiffs were arrested while naked and undressed in their bedrooms.

92. Resulting from said defamatory statement, Plaintiffs suffered special harm, severe embarrassment, emotional distress, and are entitled to judgment as against Defendants.

**SIXTH CAUSE OF ACTION:**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
**UNDER NEW YORK STATE LAW**

93. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

94. Defendants NYPD and the City negligently hired, trained, supervised, and retained Detective Baker and the other NYPD police officers, sergeants, detectives, and lieutenants that arrested Plaintiffs without necessary probable cause and initiated frivolous criminal charges against them; Defendant NYPD and City were careless, negligent, and/or reckless in the hiring, training, supervision, overseeing, and retention of said police officers and/or detectives.

95. As a result of this negligent and/or reckless hiring, training, supervision, overseeing, and retention, Plaintiffs have suffered and continue to suffer damages.

96. Indeed, Defendants City and NYPD failed to take action to remedy, train, discharge, and/or retrain Detective Baker and the other defendant police officers, sergeants, detectives, and lieutenants involved in the incidents alleged herein.

97. As such, Plaintiff respectfully demands judgment as against all Defendants in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION:**
**INTENTINAL INFLICTION OF EMOTIONAL DISTRESS**
**UNDER NEW YORK STATE LAW**

98. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99. Defendant NYPD officers intentionally and deliberately inflicted emotion distress upon Plaintiffs by subjecting them to false arrest, malicious prosecution, calling into question their sexual behaviors by calling them "strippers," embarrassing them, all done needlessly, and without a shred of evidence against Plaintiffs.

100.    Defendant NYPD officers' conduct, was outrageous and exrtreme, intentional and/or

reckless and caused emotional distress to Plaintiffs, fear over the loss of their freedom and criminal exposure, etc.

101.    Accordingy, Plaintiffs are entitled to judgment against Defendants for the aforementioned wrongful conduct, including an award of punitive damages as against Defendants.

## PUNITIVE DAMAGES

102.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

103.    The intentional and willful malicious conduct of Detective Baker and the other defendant NYPD police officers, detectives, sergeants, and lieutenants present at Plaintiffs' scene of arrest, as they falsely arrested Plaintiffs, defamed Plaintiffs, sexually harassed Plaintiffs by calling them strippers, treating Plaintiffs in a Constitutionally violative fashion, until they ultimately initiated frivolous criminal charges against Plaintiffs warrants an award of Punitive Damages in this case.

**WHEREFORE** and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction in this case and:

(a) Award appropriate compensatory damages as against Defendants in an amount to be detemrined at trial.

(b) Award appropriate punitive damages as against Defendants in an amount to be deterined at trial.

(c) Empanel a jury.

(d) Award attorney's fees pursuant to 42 USC Section 1988.

(e) Award such other and further relief as the Court deems to be in the interest of justice.

Dated: July 11, 2024
Kew Gardens, New York

**DAYAN LAW L.L.P.,**

Joshua Dayan, Esq.
Attorney for Plaintiffs
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawllp.com

## **VERIFICATION**

STATE OF NEW YORK        )

COUNTY OF QUEENS        )

     RE:   *Rosemary Jimenez and Sayany Lizardo v. The City of New York, et al.*
           Case No.:

     Rosemary Jimenez, being duly sworn deposes and says:

     Deponent is a Plaintiff in the within action; she has read the foregoing and attached Verified Complaint and knows the contents thereof and the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief and as to those matters, she believes them to be true.

                                            Rosemary Jimenez

Sworn to before me this _12th_

day of _July_ , 2024

_____
    NOTARY PUBLIC

                           Joshua Dayan, **Esq.**
                     Notary Public, State of New York
                       Reg. No. 01DA0016992
                     Qualified in Queens County
                Commission Expires 11/28/2027

## **VERIFICATION**

STATE OF NEW YORK          )

COUNTY OF QUEENS          )

      RE:    *Rosemary Jimenez and Sayany Lizardo v. The City of New York, et al.*

           Case No.:

    Sayany Lizardo, being duly sworn deposes and says:

    Deponent is a Plaintiff in the within action; she has read the foregoing and attached Verified Complaint and knows the contents thereof and the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief and as to those matters, she believes them to be true.

                        Sayany Lizardo

Sworn to before me this 12th

day of July , 2024

NOTARY PUBLIC

**Joshua Dayan, Esq.**
**Notary Public, State of New York**
Reg. No. 01DA0016992
Qualified in Queens County
Commission Expires 11/28/2027

**CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50**

Whereas, I, _ROSEMARY JIMENEZ_____, residing at

_67-21 185TH STREET, APARTMENT A_____, date of birth: ▬▬▬▬▬, and

Social Security # ▬▬▬▬, NYSID # ▬▬▬▬, having caused a notice of claim to be filed or commencing an action/lawsuit against THE CITY OF NEW YORK, THE CITY OF NEW YORK S/H/A NEW YORK CITY POLICE DEPARTMENT, demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim/action/lawsuit, to keep sealed the records of my arrest on or about June 21, 2023 and prosecution, including all records maintained by law enforcement agencies, criminal courts, and/or district attorney's office. If my case proceeded in the criminal courts, the docket # was _ARREST# Q23636938R_____

Whereas, it is necessary for the above named defendant(s) to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claims, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. I specifically authorize the New York City Police Department; Bronx County District Attorney's Office; New York State Supreme Court, Bronx County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest/prosecution and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.

_____
Plaintiff/Claimant
ROSEMARY JIMENEZ

Sworn to before me this _12th_ day of _July___, 202 4

_____
NOTARY PUBLIC

Joshua Dayan, Esq.
Notary Public, State of New York
Reg. No. 01DA0016992
Qualified in Queens County
Commission Expires 11/28/2027

## <u>CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50</u>

Whereas, I, __SAYANY LIZARDO_____, residing at _____
__67-21 185TH STREET, APARTMENT A_____, date of birth: _____, and

Social Security # _____, NYSID # _____, having caused a notice of claim to be filed or commencing an action/lawsuit against THE CITY OF NEW YORK, THE CITY OF NEW YORK S/H/A NEW YORK CITY POLICE DEPARTMENT, demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim/action/lawsuit, to keep sealed the records of my arrest on or about June 21, 2023 and prosecution, including all records maintained by law enforcement agencies, criminal courts, and/or district attorney's office. If my case proceeded in the criminal courts, the docket # was __ARREST #Q23636936K_____

Whereas, it is necessary for the above named defendant(s) to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claims, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. I specifically authorize the New York City Police Department; Bronx County District Attorney's Office; New York State Supreme Court, Bronx County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest/prosecution and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.

_Sayany Lizardo_
Plaintiff/Claimant
SAYANY LIZARDO

Sworn to before me this __12th__ day of __July__, 20__24__

_____
NOTARY PUBLIC

Joshua Dayan, Esq.
Notary Public, State of New York
Reg. No. 01DA0016992
Qualified in Queens County
Commission Expires 11/28/2027